UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    )
                                          )
                                          )   Case No. 15 B 14539
     MICHELE DELMONICO,                   )
                                          )
                                          )
                                          )   Chapter 13
          Debtor.                         )
_____)

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER DETERMINING REASONABLENESS OF FEES OF ATTORNEYS FOR GLENVIEW BANK

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $17,430.00 | TOTAL COSTS REQUESTED: | $0.00 |
| TOTAL FEES REDUCED: | $3,780.00 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $13,650.00 | TOTAL COSTS ALLOWED: | $0.00 |

### TOTAL FEES AND COSTS ALLOWED: $13,650.00

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(2)   **Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

(4)   **Insufficient Description**

The Court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone,* 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman,* 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

**(12)   Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

**(14)   Computational or Typographical Error**

The court denies the allowance of compensation for the following tasks because the amount of fees appears to be a computational or typographical error. Also, where there are two identical entries (same day, same tasks, same time billed), the court will consider one of the entries to be a typographical error.

Dated: July 16, 2015

Eugene R. Wedoff
United States Bankruptcy Judge

## Legal Fees
## Michele Delmonico Debtor

| DATE | DESCRIPTION | TIME | |
|---|---|---|---|
| 09/03/14 | Follow up regarding homeowners association; Follow up with Karen foreclosure (4) On Delmonico | .70 | -.70 |
| 09/17/14 | Phone conversation with client regarding foreclosure sale | .20 | |
| 09/19/14 | Phone conversation with client regarding Michele Delmonico's intended sale of property | .20 | |
| 09/22/14 | Phone conversation with Karen regarding Michele Delmonico's intended sale of property | .20 | |
| 09/30/14 | Phone conversation with opposing attorney regarding sale and offer to make payments | .20 | |
| 10/03/14 | Obtain certified copy of Judgment of Foreclosure; set Sheriff sale for 11/14/14; preparation of notice of sale and order sale publication from Law Bulletin Publishing Company | .50 | |
| 10/06/14 | Review notice of sale (2) | .30 | -.1 |
| 10/17/14 | Phone conversation with Karen Forgette regarding possible contract for sale | .20 | |
| 11/07/14 | Telephone conference with Dale Stewart and Karen Forgette | .15 | |
| 11/11/14 | Conference with client regarding amount to be bid at Sheriff's sale; draft sheriff's report of sale and distribution for 11/14/14 | 1.75 | |
| 11/13/14 | Review of Chapter 13 petition for relief filed by Michelle; conference with client regarding options; diary 1/8 date for 341 meeting | 1.00 | |
| 11/14/14 | Continue sheriff's foreclosure sale set 11/14 to 12/23; docket date | .25 | |
| 11/14/14 | Telephone conference with Karen Forgett and edit affidavit | .80 | |
| 11/21/14 | Draft and file proof of claim in Chapter 13 case | .50 | |
| 12/02/14 | Draft motion for relief from automatic stay; conference with homeowners association regarding past due monthly assessments; confer with insurance company regarding cancellation of insurance for non-payment of premium; draft notice of motion; draft default statement; draft order | 2.50 | |
| 12/07/14 | Review and edit motion to modify automatic stay | .30 | |
| 12/22/14 | Continue sheriff's sale to 1/12; draft and file amended motion to modify automatic stay set for hearing 1/5 | .25 | |

EXHIBIT "E"

-.8

| Date | Description | Hours | |
|---|---|---|---|
| 01/05/15 | Court appearance; conference with the opposing counsel; enter briefing schedule with hearing set for 2/3; diary date | 1.50 | |
| 01/06/15 | Conference with client regarding status | .25 | |
| 01/08/15 | ② Attend chapter 13 first meeting of creditors at Tom Vaughn's office; draft memo to file | 2.00 | -1.00 |
| 01/09/15 | Phone conversation with Karen regarding result from first meeting | .20 | |
| 01/12/15 | Cancel sheriff's sale due to expiration of 60 days | .25 | |
| 01/16/15 | Review contract to sell real estate receive from debtor's counsel | .30 | |
| 01/19/15 | Telephone conference with Don and Karen and the opposing attorney | .80 | |
| 01/21/15 | Follow up with letter | .20 | |
| 01/22/15 | Telephone conference with Don ④ | .20 | -.2 |
| 01/23/15 | Review response and amendment to amended motion to modify filed by debtor | .25 | |
| 01/27/15 | Review reply and letter and email to opposing attorney amount and status of payment | .80 | |
| 01/27/15 | Draft and file reply to debtor's response and answer; assemble and mark exhibits for evidentiary hearing; draft cover letter to Judge Schmetter and deliver same to Chambers per court order; check Cook County Treasurers' office regarding real estate taxes | 2.25 | |
| 01/28/15 | Telephone conference with Karen Forgette opposing attorney | .40 | |
| 01/29/15 | Conference with client regarding hearing set for 2/3 | .50 | |
| 01/29/15 | Telephone conference with Don ④ | .20 | -.2 |
| 01/30/15 | Conference with debtor's counsel and draft stipulation of facts | .75 | |
| 01/30/15 | Phone conversation with Don regarding stipulation | .30 | |
| 02/02/15 | Review debtor's motion to dismiss filed 1/29 and confer with client; prepare for hearing set for 2/3; telephone conference debtor's counsel and prepare for hearing | .75 | |
| 02/03/15 | ② Court appearance before Judge Schmetterer regarding hearing on GSB's motion for relief from stay and Debtor's motion to dismiss her Chapter 13 case; enter order | 1.75 | -.75 |
| 02/04/15 | Follow up regarding order ④ | .20 | -.2 |
| 02/05/15 | Follow up with preparation of order ④ | .20 | -.2 |

-2.35

| Date | Description | Hours | Adj. |
|---|---|---|---|
| 02/06/15 (4) | Follow up with preparation of order and deliver order to court | 1.20 | −.20 |
| 04/03/15 (4) | Prepare for court; telephone conference with KF and prepare order | 2.40 | −2.40 |
| 02/06/15 | Review balance sheet from client; telephone conference with Karen Forgette regarding payoff letter; prepare payoff letter; email same to debtor's counsel | 1.00 | |
| 02/12/15 | Follow up with petition for rule and telephone conference with Karen | 2.00 | |
| 02/13/15 (4) | Follow up with petition for rule | .20 | −.20 |
| 02/24/15 (4) | Prepare for court and telephone conference with Don | .40 | −.40 |
| 02/25/15 | Court appearance before Judge Schmetterer | 1.20 | |
| 02/26/15 | Telephone conference with KF and email the opposing attorney and telephone Conference with Don | .70 | |
| 02/27/15 | Follow up regarding closing and call the opposing attorney | .20 | |
| 03/02/15 | Review with Don (4) | .20 | −.20 |
| 03/04/15 | Telephone conference with Karen and debtor's counsel regarding sale of the property | .40 | |
| 03/05/15 | Review correspondence received from opposing counsel | .20 | |
| 03/10/15 | Prepare for court hearing | .50 | |
| 03/11/15 | Court appearance (2) | 1.70 | −1.60 |
| 03/12/15 | Prepare new payoff letter | .30 | |
| 03/16/15 | Court appearance | .90 | |
| 03/11/15 | Court appearance (14) | 1.70 | −1.70 |
| 03/12/15 | Prepare new payoff letter (14) | .30 | −.3 |
| 03/16/15 | Court appearance and prepare for court; prepare correspondence | .90 | |
| 03/17/15 | Finalize payoff letter; letter to judge; make edits to chart; calculate additional interest and attorney time | 1.50 | |
| 03/17/15 | Prepare for court and court appearance; edit documents | 1.40 | |
| 03/19/15 | Research regarding resetting foreclosure sale | .30 | |
| 03/20/15 | Follow up regarding sale (4) | .30 | −.3 |
| 03/23/15 | Follow up with sale (4) | .20 | −.2 |

−6.9

| Date | Description | Hours | |
|---|---|---|---|
| 03/24/15 | Prepare for court on Wednesday | .30 | |
| 03/25/15 | Court and telephone conference with KF and DN | 1.20 | |
| 03/30/15 | Telephone conference with Karen and update payoff letter | .30 | |
| 04/02/15 | Conference with Silvie regarding payoff letter | .15 | |
| 04/01/15 | Preparation of notice of sale for 04/27/15 Sheriff sale | .20 | |
| 04/07/15 | Research real estate tax payments for 2013 and 2014; email same to Silvie | .50 | |
| 04/02/15 | Edit payoff letter and email the opposing attorney | .20 | |
| 04/04/15 | Follow up with Post judgment fees (4) | .40 | -.40 |
| 04/06/15 | Review letter and call title company and reply | .20 | |
| 04/07/15 | Telephone conference with KF and edit payoff letter | .50 | |
| 04/08/15 | Follow up with KF (4) | .30 | -.3 |
| 04/09/15 | Follow up regarding closing and call Chicago Title Insurance Company and client | 1.00 | |
| 04/20/15 | Confirm with client; calculate amount due as of 04/27/15; draft Sheriff Report of Sale and Distribution for 04/27/15 sale | 1.10 | |
| 04/27/15 | Attend Sheriff's foreclosure sale at which time and outside bidder appeared and bid $105,000.00; telephone conference with client regarding sale | 1.00 | |
| 04/30/15 | Received notice that debtor filed Chapter 13 Bankruptcy on 04/24/15 and failed to notify either Arnold H. Landis or Glenview State Bank of the filing; review debtor's Chapter 13 petition (2) | .30 | -.1 |
| 05/03/15 | (4) Research bankruptcy code; commence preparation of Motion for Relief from Stay or to annul stay or dismiss case; | 1.50 | -.50 |
| 05/04/15 | (2) Complete preparation of Motion for Relief; draft notice of motion set for 05/14/15; draft required statement; draft order | 1.75 | -.75 |
| 05/07/15 | (1) Add exhibits; assemble documents and file with clerk of court; docket hearing date of 05/14/15 | .50 | -.5 |
| 05/08/15 | Review debtor's Motion to Extend Automatic Stay and affidavits attached Thereto set for hearing 05/14/15 | .30 | |
| 05/14/15 | Review file in preparation for hearing before Judge Wedoff; court appearance at which time matter was continued for further hearing on 06/11/15; confer with client regarding status | 1.50 | |

-2.55